[L.A. No. 30962. Mar. 6, 1979.]

NORMAN R. SAMUELSEN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**Counsel**

Norman R. Samuelsen, in pro. per., and Joseph E. Hall for Petitioner.

Herbert M. Rosenthal and Gael T. Infande for Respondent.

**OPINION**

**THE COURT.**—Proceeding to review recommendation of the Disciplinary Board of the State Bar that petitioner Norman R. Samuelsen be publicly reproved for omissions constituting professional misconduct in violation of Business and Professions Code sections 6067, 6068, 6103 and 6106.[1]

Petitioner was admitted to practice in 1949. He has no prior record of discipline.

In January 1972, petitioner agreed with the nominated executor—"an old client"—to conduct without charge probate proceedings in the matter of the estate of Helen Herbert. The estate was later appraised at $12,330.36.

Petitioner admittedly had little experience with probate matters, having handled only "three or four" during his career. At no time did he represent that he would personally manage proceedings but he explicitly indicated he intended to be attorney of record at all times.

Petitioner contacted Howell Jackson, another attorney, and Jackson agreed to assist while petitioner remained attorney of record. Jackson prepared a petition for probate of decedent's will, petitioner signed the document and filed it on January 23, 1972. He testified he signed other documents pertaining to hearing on the petition without first reading them. On March 8, 1972, a purported order admitting the will to probate and for letters testamentary was inadvertently filed by the clerk, but such an order had not been made by the court. No further action was taken on the matter for a period in excess of two years, either by petitioner or Jackson.[2]

---

[1]Section 6067 provides in pertinent part that every person upon his admission to the bar "shall take an oath to . . . faithfully . . . discharge the duties of any attorney at law to the best of his knowledge and ability."

Section 6068 provides in pertinent part that an attorney "support the Constitution and Laws of . . . this State."

Section 6103 provides: "A wilful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or of his duties as such attorney, constitute causes for disbarment or suspension."

Section 6106 provides in pertinent part that "commission of any act involving moral turpitude, dishonesty or corruption . . . whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension."

[2]The next document filed of record was a proof of service of notice of petition for probate of will on May 13, 1974.

During the two-year period of inactivity petitioner was repeatedly contacted by William Sonnenburg, attorney for beneficiary John Zelko, and by John Zelko himself. Although petitioner acknowledges he had received these communications, he testified he never responded to them.

In February 1974 Zelko complained to the State Bar regarding petitioner's failure to advise as to the status of the case. Thereafter the State Bar commenced a preliminary investigation.

On February 28, 1974, the State Bar informed petitioner a complaint had been received in connection with his handling of the Herbert estate. Petitioner contacted Howell Jackson regarding the status of the case. At this time it became apparent to both attorneys that their files had been misplaced. Petitioner took no further immediate action until May 10, 1974, at which time he caused to be published a notice of hearing for probate of will, and on May 13 filed proof of service of notice of such hearing calendared for May 30. (See fn. 2, *ante.*)

On March 4, 1974, the court, on its own motion, set aside the order of March 8, 1972, admitting the will to probate and for letters testamentary.

A preliminary investigation of the complaint of John Zelko was made by the State Bar in May 1974. At a hearing on May 28 petitioner made the following representations to the State Bar: (a) he would expedite probate proceedings; (b) he would furnish the State Bar with information regarding the progress of such proceedings; (c) he would personally handle all proceedings.

Despite his assurances, petitioner failed to expedite proceedings. Although only routine problems were presented, an inventory and appraisement was not filed until March 1975, the certificate of no tax due was not filed until January 1976, a first and final account and report of executor was not filed until September 1976, order of distribution was filed in December 1976, and order for final discharge was filed in October 1977.

Petitioner also failed to keep the State Bar informed of the progress of proceedings, as he had agreed. On July 9, 1974, he did cause to be sent to the State Bar a letter containing information regarding proceedings. Thereafter he communicated only once with the State Bar in the summer of 1975 and this response was prompted by a letter calling to petitioner's attention his failure since July 9, 1974, to have kept the bar informed.

Finally, petitioner further failed to personally handle proceedings, as he had represented. At no time after commencement of proceedings until the formal disciplinary hearing in January 1977 did petitioner become personally involved.[3] At all times, however, he appeared as attorney of record. Insofar as the record discloses the only functions petitioner personally undertook were to retrieve the lost file, to relieve Howell Jackson from all duties pertaining to the case, and to appoint an associate in petitioner's office to prepare the case.[4]

The disciplinary board unanimously found petitioner had failed to expeditiously perform necessary services to complete the probate proceedings at issue. The board also unanimously found that, contrary to his representations, petitioner had failed to communicate with John Zelko, a beneficiary of the estate and with the State Bar concerning estate proceedings.

■ Petitioner contends that findings of fact are not supported by sufficient evidence; that there is an insufficient showing of his wilful failure and refusal to expedite probate proceedings or to keep the State Bar apprised of such proceedings after May 28, 1974.

■ We are not, of course, bound by findings of the hearing panel or disciplinary board, although the findings are entitled to great weight. (See *Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 793-794 [94 Cal.Rptr. 825, 484 P.2d 993].) ■ When a petitioner challenges findings as being insufficiently supported, the burden is on him to demonstrate the claimed insufficiency. " 'In meeting this burden, the petitioner must demonstrate that the charges of unprofessional conduct are not sustained by convincing proof and to a reasonable certainty.' " (*Vaughn* v. *State Bar* (1972) 6 Cal.3d 847, 852 [100 Cal.Rptr. 713, 494 P.2d 1257], quoting from *Himmel* v. *State Bar, supra,* 4 Cal.3d 786, 793-794.)

■ Petitioner has not met his burden. His attempt to do so consists of a restatement of some of the pertinent facts and a conclusionary allegation the evidence is insufficient. On the contrary, his own testimony supports a conclusion that, to a reasonable certainty, his acts were wilful. Although he insisted on the status as attorney of record, he testified he

---

[3]The record is not clear whether petitioner became personally involved after formal disciplinary hearings.

[4]Petitioner testified as follows: "I moved from the Wilshire Boulevard address at the end of 1974, and moved to Panorama City, and since that time I had nothing further to do with the file despite my promise to the Referee that I would see that it was personally handled. I did not do that, and I left it up to [my office associate]."

wanted "nothing further to do" with the case, resulting in an unconscionable delay in light of lack of complex issues. He also testified he continued to ignore and not respond to inquiries from the State Bar, even after a preliminary investigation had begun and he had given assurances he would personally conduct proceedings in an expeditious and responsive manner.

■ We find petitioner wilfully failed to expeditiously perform necessary services to complete probate proceedings in the matter of the estate of Helen Herbert, that he failed to keep the State Bar advised of the status of estate proceedings, and that he failed to personally perform services necessary to estate proceedings, all contrary to his representations to the State Bar of May 28, 1974.

In considering proper disciplinary measures, we take into account the absence of a prior disciplinary record. (*Lewis* v. *State Bar* (1973) 9 Cal.3d 704, 715 [108 Cal.Rptr. 821, 511 P.2d 1173]; see, also, rule 29.1, Rules of State Bar.) However, we must also consider the need to afford protection to the public, the courts and the legal profession. (*Clancy* v. *State Bar* (1969) 71 Cal.2d 140, 151 [77 Cal.Rptr. 657, 454 P.2d 329].)

An unnecessary delay of five years in the probate of a relatively simple estate is manifestly an inconvenience to those members of the public who have an interest in the estate. The long delays also served to unnecessarily burden the court system and the State Bar. Petitioner's unexcused election to ignore inquiry letters from interested parties and the State Bar—after assurances he would not do so—imposed added inconveniences bearing on the question of proper discipline.

The recommended discipline of public reproval is fully justified. Publication of this opinion constitutes such reproval.